IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| STARR RAMSEY, as parent and next friend of MICHAEL THOMAS, JR., a minor, ) ) ) ) | |
| Plaintiff, ) ) | |
| ) | No: 18 CV 4698 |
| v. ) ) | |
| ) | Judge Alonso |
| OFFICER ANTHONY SPICUZZA (Star #9807), OFFICER ROBERTO GARDUNO (Star #9138), and the CITY OF CHICAGO, a municipal corporation, ) ) ) ) | |
| ) | JURY DEMAND |
| Defendants. ) ) | |

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, STARR RAMSEY, as parent and next friend of MICHAEL THOMAS, JR., a minor, through her attorneys, ERICKSON & OPPENHEIMER, LTD., complaining against the Defendants, OFFICERS SPICUZZA and GARDUNO (collectively "Defendant Officers"), and the CITY OF CHICAGO, a municipal corporation, and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the judicial code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

3. Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

## PARTIES

4. At the time of the incident, Michael Thomas, Jr. was a 10-year-old fourth grader. He resides in the Northern District of Illinois.

5. Starr Ramsey is the mother of minor Michael Thomas, Jr., and she also resides in the Northern District of Illinois.

6. Defendants Spicuzza and Garduno are employees and agents of the Chicago Police Department. At all times relevant, the Defendant Officers acted under color of law as duly appointed law enforcement officers and within the scope of their employment.

7. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of the Defendant Officers.

## BACKGROUND FACTS

8. On or about June 1, 2018, Michael Thomas, Jr. was in the area of Roosevelt and Sawyer Ave. in Chicago, Illinois. Michael was riding his bike with some cousins and was not committing and had not committed any crimes.

9. Without warning, a police vehicle approached him and the Defendant Officers jumped out.

10. Michael briefly ran in an attempt to find his grandmother, and the officers gave chase.

11. One of the officers yelled something to the effect of "stop, bitch."

12. Michael stopped running, whereupon one or more of the Defendant officers yanked his hands behind his back and handcuffed him.

13. The Defendant Officers handcuffed him without any reasonable suspicion or probable cause to do so.

14. Additional vehicle(s) carrying additional officers arrived on the scene. These additional officers exited their vehicle(s).

15. The two initial Defendant Officers who arrived on the scene conducted a search of Michael's person, but did not discover anything illegal.

16. This search was conducted without a warrant, Michael's consent, or probable cause and/or reasonable suspicion.

17. Michael was in handcuffs for several minutes before the Defendant Officers ultimately uncuffed him. While in handcuffs and due to fear, Michael was crying and shaking and urinated on himself.

18. At no time during or as a result of any of his interactions with the Defendant Officers was Michael charged with any offense or given any citations.

## COUNT I
## UNLAWFUL SEIZURE - 42 U.S.C. § 1983

19. All previously pleaded paragraphs are restated and re-alleged herein.

20. Michael was improperly seized without reasonable suspicion or probable cause. Michael was denied liberty without justification in violation of the United States Constitution.

21. Defendants Officers forcefully imposed an unlawful restraint upon Michael's freedom of movement, to wit stopping and seizing him without cause.

22. This seizure was unreasonable within the meaning of the 4th Amendment.

23. The Defendant Officers' conduct that resulted in this unlawful seizure was undertaken with malice, willfulness and reckless indifference and caused Michael injuries, including without limitation fear, humiliation, and emotional distress.

WHEREFORE Plaintiff prays for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, as well as costs, attorney's fees and such other relief as is just and equitable.

## COUNT II
## UNLAWFUL SEARCH - 42 U.S.C. § 1983

24. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

25. The actions of the Defendant Officers constituted a public, warrantless, unreasonable, and unjustifiable search without probable cause or reasonable suspicion of Michael, thus violating his rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

26. As a proximate result of the above-detailed actions of the Defendant Officers, Plaintiff was injured.

WHEREFORE Plaintiff prays for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, as well as costs, attorney's fees and such other relief as is just and equitable.

## COUNT III
## INDEMNIFICATION

27. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

28. At all relevant times, Defendant City of Chicago was the employer of the Defendant Officers.

29. The Defendant Officers committed the acts alleged above under the color of law and in the scope of their employment as employees of the City of Chicago.

30. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

31. As a proximate cause of the unlawful acts of the Defendant Officers, Michael was injured.

**WHEREFORE**, should one or more of the individual Defendant Officers be found liable on one or more of the federal claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant, plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

## **JURY DEMAND**

The Plaintiff requests a trial by jury.

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully submitted,

/s/ Ronak Maisuria

Erickson & Oppenheimer, Ltd.
223 W. Jackson, Suite 200
Chicago, IL 60606
312-327-3370